IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> ESAOTE NORTH AMERICA, INC. and JOHN DOES 1-10, <br><br> Defendants. | Civil Action No.: 1:14-cv-2075 <br><br><br><br><br><br> **COMPLAINT -- CLASS ACTION** |

Plaintiff Physicians Healthsource, Inc. brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants Esaote North America, Inc. ("Esaote") and John Does 1-10.

**PRELIMINARY STATEMENT**

1. This case involves Esaote's practice of sending unsolicited advertisements via facsimile.

2. The Telephone Consumer Protection Act ("TCPA"), which was modified and renamed the Junk Fax Prevention Act ("JFPA") in 2005, is codified at 47 U.S.C. § 227. Under the JFPA, it is unlawful to send an unsolicited advertisement to someone's fax machine. The JFPA allows private rights of action and provides statutory damages of $500 per violation.

3. Esaote sent an unsolicited advertisement to Physicians Healthsource on November 3, 2011 ("the Fax Ad"). A copy of the Fax Ad is attached hereto as Exhibit A. The

Fax Ad promoted the commercial availability and/or quality of Esaote's products or services.

4. The receipt of an unsolicited advertisement via facsimile (or "junk fax") causes damage to the recipient. A junk fax uses the office supplies of the recipient such as paper, toner, and the fax machine itself. A junk fax also ties up the phone line and the fax machine of the recipient, thereby precluding their use for legitimate, authorized facsimiles and other business. Finally, a junk fax wastes the recipient's time in reviewing and discarding unwanted solicitations.

5. Based on information, belief, and the appearance of the Fax Ad itself, Esaote also sent the Fax Ad to numerous other persons via their respective fax machines. Esaote will likely continue to send such advertisements via facsimile absent an injunction or other action prohibiting such conduct.

6. On behalf of itself and all others similarly situated, Physicians Healthsource brings this case as a class action asserting claims against Esaote under the JFPA.

7. The claims of Physicians Healthsource and the other recipients of the Fax Ad are all based on the same legal theory; *i.e.,* violations of the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Esaote, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the JFPA if the court finds that Esaote's conduct was knowing, wilful or intentional.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, as the JFPA is a federal statute and, therefore, gives rise to federal question jurisdiction.

9. This Court has personal jurisdiction over Esaote because Esaote transacted business within this judicial district, made contracts within this judicial district, and committed tortious acts complained of within this judicial district.

## PARTIES

10. Plaintiff Physicians Healthsource, Inc. operates a medical practice located at 3328 Westbourne Drive in Cincinnati, OH 45248.

11. Defendant Esaote North America, Inc. manufactures, distributes, and/or sells ultrasound systems, MRI systems, and related products. Esaote's principal place of business is located at 8000 Castleway Drive in Indianapolis, Indiana.

12. John Does 1-10 are entities that provided assistance to Esaote in regard to the Fax Ad by creating the Fax Ad itself, providing the fax numbers to which they would be sent, transmitting the Fax Ad, and/or having a high degree of involvement in Esaote's fax advertising campaign. These entities are not presently known but may be identified through discovery.

## FACTS

13. Esaote sent material to Physicians Healthsource via Physicians Healthsource's office facsimile machine that promoted the commercial availability and/or quality of Esaote' goods and services on November 3, 2011.

14. Physicians Healthsource had no business relationship with Esaote prior to Esaote's sending of the Fax Ad.

15. Esaote did not seek or obtain permission from Physicians Healthsource to send ads to Physicians Healthsource's facsimile machine prior to doing so.

16. The Fax Ad did not display an opt-out notice in compliance with the JFPA and its regulations.

17. Based on information, belief, and the appearance of the Fax Ads itself, Esaote also sent the Fax Ad to more than thirty-nine other persons via facsimile.

## CLASS ACTION ALLEGATIONS

18. In accordance with Fed. R. Civ. Pro 23, Physicians Healthsource brings this action on behalf of the following persons:

> All persons who (1) on or after four years prior to the filing of this action (2) were sent material advertising the commercial availability or quality of any property, goods, or services (3) by or on behalf of Esaote (4) via facsimile (5) that did not display a proper opt-out notice or (6) were sent without prior express invitation or permission and/or in the absence of an established business relationship.

This class of persons constitutes the putative class members. Excluded from the class are employees of Defendants and members of the judiciary. Physicians Healthsource may amend the class definition after discovery identifies the class members and/or the contours of the class.

19. <u>Numerosity</u>: Based on information, belief, and the appearance of the Fax Ad itself, the number of putative class members exceeds forty. Fax Ads are typically sent to hundreds if not thousands of persons. Moreover, the Fax Ads state that Esaote had a "list" to which it was sending the Fax Ads. (See Exhibit A attached hereto.) Such lists are routinely sold by data brokers and often contain thousands of fax numbers associated with target groups such as small businesses, medical offices, *etc.* to which advertisers want to send their ads. The joinder of such a large group of persons in a single lawsuit would be impracticable.

20. <u>Commonality:</u> Common questions of law and fact apply to the claims of the putative class members. These include the following:

  (a) Whether the Fax Ad constitutes an "unsolicited advertisement" within the meaning of the JFPA;

  (b) How Esaote compiled or obtained the list of fax numbers to which the Fax Ad was sent;

  (c) Whether such advertisements were sent without Esaote first obtaining prior express invitation or permission;

  (d) Whether Esaote sent the Fax Ads intentionally, knowingly, or willfully; and

  (e) Whether Esaote violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder with regard to the Fax Ads.

21. <u>Typicality</u>: Physicians Healthsource's claim is typical of the claims of the putative class members. Physicians Healthsource is asserting the same claim under the same federal statute as the other members of the putative class. Physicians Healthsource is also seeking the same relief for itself and the other members of the putative class.

22. <u>Adequacy</u>: Physicians Healthsource will fairly and adequately represent the interests of the putative class members. Physicians Healthsource has no interests in conflict with the putative class members, has the experience and inclination to prosecute this action, and has retained experienced counsel to assist it in doing so.

23. <u>Need for Consistent Standards and Practical Effect of Adjudication:</u> The prosecution of individual actions by class members would create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Esaote. Further, as a practical matter, the resolution of Physicians Healthsource's claim against Esaote will also resolve the claims of the putative class members.

24. <u>Predominance</u>: The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

    (a)    Physicians Healthsource's claim depends on the same factual and legal issues as that of the putative class members;

    (b)    the evidence supporting Esaote's likely defenses will come solely from Esaote's own records and will not require any information or inquiries from individual class members;

    (c)    the damages for all putative class members are set by statute and will, therefore, be the same for each and every member of the putative class; and

    (d)    the identity of the putative class members can be readily ascertained from Esaote's or its agent's computer records, phone records, or other business records.

25.    <u>Superiority</u>: A class action would be superior to individual actions by the putative class members for the following reasons:

    (a)    the damages suffered by any one class member are too low to justify a stand-alone lawsuit;

    (b)    the JFPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against a large, sophisticated defendant*;*

    (c)    many of the intended recipients are legal entities that would not be permitted to proceed in court *pro se*; and

    (d)    the evidence concerning each of the class member's claims is so similar that the adjudication of each on an individual basis would be repetitive, inefficient, and wasteful.

## **CLAIM FOR RELIEF – VIOLATIONS OF THE JFPA**

26.    The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement". 47 U.S.C. 227(b)(1).

27.    The JFPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any

6

person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

28. Esaote sent the Fax Ad to the facsimile machine of Physicians Healthsource and numerous other persons.

29. The Fax Ad promoted the commercial availability and/or quality of the goods and services of Esaote.

30. Based on information and belief, Esaote, during the four years preceding the filing of this Complaint, sent other unsolicited advertisements to persons via facsimile in violation of the JFPA. Based on information and belief, Esaote is continuing to send unsolicited advertisements to persons via facsimile in violation of the JFPA and, absent intervention by this Court, will continue to do so.

31. Esaote's conduct has caused Physicians Healthsource and the putative class members to suffer actual damages and statutory damages under the JFPA.

WHEREFORE, Plaintiff Physicians Healthsource, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants Esaote North America, Inc. and John Does 1-10 as follows:

(1). that the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Physicians Healthsource as the representative of the class, and appoint Physicians Healthsource's counsel as counsel for the class;

(2). that the Court award statutory damages for each violation by Esaote;

(3). that the Court enjoin Esaote from additional violations of the JFPA; and

(4). that the Court award pre-judgment interest, post-judgment interest, attorney fees, treble damages, an incentive award, costs, and such other relief as may be just and proper.

 Respectfully submitted,

 PHYSICIANS HEALTHSOURCE, INC.,
 individually and as the representative of a class of
 similarly-situated persons,

 */s/ Matthew Stubbs*
 Matthew E. Stubbs
 MONTGOMERY, RENNIE & JONSON
 36 East Seventh Street
 Cincinnati, OH 45202
 Telephone: 513-421-4722
 Facsimile: 513-241-8775
 Email: mstubbs@mrlaw.com

 Brian J. Wanca
 **ANDERSON + WANCA**
 3701 Algonquin Road, Suite 760
 Rolling Meadows, IL 60008
 Telephone: 847-368-1500
 Fax: 847-368-1501
 Email: bwanca@andersonwanca.com